**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

|  |  |  |
|---|---|---|
| In Re: SANDRA K. STOCKTON | ) | Chapter 13 |
|  | ) |  |
| Debtor | ) | Case No. 04-00792 |
|  | ) |  |

**DECISION AND ORDER**

At Roanoke in said District this 8th day of May 2007:

The matter before the court is the Debtor's application for discharge pursuant to 11 U.S.C. § 1328(b). The court conducted a hearing on the application on February 13, 2007, where counsel for the Debtor made proffer of her testimony in support. No creditors appeared in opposition. On February 15, 2007, the court ordered the Debtor to present an amended Chapter 13 plan or submit a memorandum of authorities in support of the application for discharge. On March 16, 2007, the Debtor submitted authorities and an affidavit in support of the application. After due consideration of the evidence and authorities and for the reasons stated herein, the application for discharge is denied.

**BACKGROUND**

On February 27, 2004, the Debtor filed an individual voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On July 15, 2004, the court entered an order confirming the Debtor's Chapter 13 Plan. The Plan called for the continued payment of her mortgage, payment of her mortgage arrearage, and payment of the value of her automobile The Plan called for the payment of $16,340 over thirty-nine months, requiring the Debtor pay the sum of $300 a month for the first ten months of the Plan and

$460 a month for the remaining twenty-nine months.

At the time she filed for relief under Chapter 13 and for the fifteen years prior the Debtor derived her income through the employ of MW Manufacturers, Inc., a manufacturer of doors and windows. On January 8, 2007, the Debtor filed an application for discharge pursuant to Section 1328(b) of the Bankruptcy Code. In support of her application, the Debtor cites a reduction in her work hours, which has reduced her income to a level below the amount required to meet her regular living expenses, regardless of whether she makes the payments required under the terms of her Chapter 13 Plan. According to the Debtor, the reduction in work hours is a result of a downturn in the economic conditions of the housing industry. The employer has notified its workforce that it does not expect these conditions, or the hours worked by its labor force to increase in the coming months. Debtor has sought, and continues to seek, additional work elsewhere, but has found none.

As of the date of filing the application for discharge, the Debtor had paid in full the arrearage on her residence that existed at the time of filing, as well as all secured claims. Unsecured claims have received approximately 17% on their claims. Plan payments have been suspended on three occasions, once due to an injury and twice due to a reduction in work hours, including the order suspending payments until further order of the court entered along with the order taking the application for discharge under advisement. The Debtor has not attempted to modify her plan under Section 1329 of the Bankruptcy Code since this court confirmed the Debtor's plan on July 15, 2004.

**DISCUSSION AND CONCLUSIONS OF LAW**

This court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334. This is a case filed under Title 11, and the court may hear and determine this core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper in this District under 28 U.S.C. § 1409(a).

Section 1328(b)[1] grants the court with authority to grant a hardship discharge, which provides:

> At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if –
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b). The Debtor bears the burden of proof for all three elements of Section 1328(b). Bandilli v. Boyajian (In re Bandilli), 231 B.R. 836, 839 (B.A.P. 1st Cir.1999); In re Dark, 87 B.R. 497 (Bankr. N.D. Ohio 1988); In re White, 126 B.R. 542, 544 (Bankr. N.D. Ill.1991).

Under the third prong of the test, a debtor must prove that modification of the

---

[1] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amended the statutory provisions relating to the discharge under 11 U.S.C. §1328, including subsection (b), for cases filed on or after October 17, 2005. This case was filed on February 27, 2004. Accordingly, the BAPCPA amendments do not apply in this case.

3

Chapter 13 Plan under Section 1329 of the Bankruptcy Code is not practicable. Debtor argues that she satisfies Section 1328(b)(3), asserting that "[m]odification is not practicable, because [her] income has become sufficient, at best only to meet her essential living expenses." (Debtor's Mem. Supp. Discharge 4) Despite this assertion, the Debtor has offered no evidence that plan modification is not possible under Section 1328(b)(3). See In re Harrison, 1999 Bankr. LEXIS 1830 (Bankr. E.D. Va. 1999) (finding that "unsubstantiated and conclusory statements" that plan modification is not possible is insufficient to satisfy Section 1328(b)(3)) (citing In re White, 126 B.R. at 547; In re Dark, 87 B.R. at 498); see also 8 COLLIER ON BANKRUPTCY 1328.03[2][c] (Alan N. Resnick & Henry J. Sommer eds.,15th ed. rev. 2006) ("If the debtor proposes a modification of the plan, but holders of allowed secured claims whose acceptances are required refuse to accept the plan, or approval of the modification cannot be had for any other reason, modification of the plan is impracticable. . . ." (footnotes omitted)).

For the foregoing reasons, it is

**ORDERED:**

That the Application for Discharge of the Debtor under Section 1328(b) is DENIED.

Copies of this order are directed to be sent to James R. Cromwell, Vogel & Cromwell, P.O. Box 18188, Roanoke, VA 24014; and to Rebecca M. Connelly, Chapter 13 Trustee, P.O. Box 1001, Roanoke, Virginia 24005.

*/s/ Ross W. Krumm*
Ross W. Krumm
U. S. Bankruptcy Judge